Matthew A. Newboles (SBN 167,196)
Lowell Anderson (SBN 105,323)
Stephen Z. Vegh (SBN 174,713)
Gregory K. Clarkson (SBN 298,712)
STETINA BRUNDA GARRED & BRUCKER
75 Enterprise, Suite 250
Aliso Viejo, CA 92656
Email: litigate@stetinalaw.com
Tel: (949) 855-1246
Fax: (949) 855-6371

Attorneys for Defendants
REDLINE DETECTION, LLC AND
KENNETH A. PIERONI

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR ENVIROTECH, INC., a Delaware corporation,<br><br>Plaintiff<br><br>vs.<br><br>REDLINE DETECTION, LLC, a California limited liability company; and KENNETH A. PIERONI, an individual,<br><br>Defendants | Case No. SACV12-1861 JGB (DFMx)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED REPLY BRIEF**<br><br>Date: March 7, 2016<br>Time: 9:00 a.m.<br>Ctrm: 1 |

Defendants, Redline Detection LLC ("Redline") and Kenneth Pieroni ("Pieroni"), submit this Memorandum of Points and Authorities in support of their Motion to Strike Plaintiff's Unauthorized Reply Brief.

On December 16, 2015, Magistrate Judge McCormick ruled on Plaintiff's motion for sanctions, and ordered that "Under Fed. R. Civ. P. 72(b), objections to the Court's recommended sanction must be filed within fourteen (14) days of service of this order." Dkt. 377 at 20:3-5.

On February 3, 2016, Plaintiff Star Envirotech, Inc. ("Plaintiff") filed with the Court a document styled "Star's Envirotech, Inc.'s Reply to Defendant Redline Detection's Opposition to the Plaintiff's Objections to the Court's Order Dated December 16, 2015" (the "Reply Brief"). Nothing within Judge McCormick's Order, the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, or this Court's Standing Order authorizes the filing of a reply brief in support of Plaintiff's objections made under Rule 72(b)(2). This filing is therefore improper and unauthorized, and should be struck from the record and given no consideration by the Court.

The Federal Rules of Civil Procedure do not contemplate the filing of a reply brief when making objections under Rule 72(b), only a response. Rule 72(b)(2) reads:

> (2) *Objections.* Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.

Fed. R. Civ. P. 72(b)(2).

Multiple courts within the Ninth Circuit and throughout the nation have

directly considered this issue when presented with it in the past. **All** of these courts have consistently ruled that the filing of a reply brief in support of objections made under Rule 72(b) is generally improper, especially when the filing party has neither made any effort to request leave of the court to file the reply brief, nor sets forth any showing of good cause why they should be permitted to file a reply brief. To quote a very recent decision by one of these courts:

> Neither the Federal Rules of Civil Procedure nor the District of Guam's Civil Local Rules of Practice provide for replies to responses to objections. The federal rules contemplate only written objections and responses to objections. Fed. R.Civ. P. 72(b)(2). Guam's local rules do not vary or expand the federal rule on this point….
>
> It is unremarkable that the parties may feel that each is mischaracterizing the other's arguments and trying to pull the wool over the Court's eyes. Responses and replies have to end somewhere, and under Rule 72(b) they end with each party's response to the other's objections. Between the parties' briefings on Defendant['s] motion to dismiss, the magistrate judge's report and recommendation, and the parties' objections and responses, the Court has an ample and sufficient record on which to decide the motion while resisting invitations to commit error.

*Joseph v. Abrams*, 2015 U.S. Dist. LEXIS 140587 at 1 (D. Guam 2015).

Another court in the Ninth Circuit briefly addressed this issue and found it to be extremely straightforward:

> Plaintiff moves to strike Defendants' Reply in Support of Defendants' Objections (# 90), on the basis that the pleading was filed without any authority to do so. Neither FRCP 72(a) nor LR IB 3-1(a) authorizes the filing of a reply brief in support of objections to a magistrate judge's ruling on a pretrial matter. Accordingly, the Court has not

>considered Defendants' Reply in Support of Defendants' Objections (# 90).... IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' Unauthorized Reply (# 91) is GRANTED.

*26 Beverly Glen LLC v. Wykoff Newberg Corp.*, 2007 U.S. Dist. LEXIS 39629 at 5-6 (D. Nev. 2007).

While noting that "[a] district court has the discretion to entertain a reply in response to a Rule 72(b) objection," courts also note that "where the local rules do not expressly permit motions for leave to file a reply, district courts tend to regard them unfavorably." *Joseph v. Abrams* at 1. Furthermore, the courts are clear that even in situations where reply brief may be beneficial to the Court's determination of the objections, for example when it is "responding to an argument… raised for the first time in [the] response to the [] objections," *Potter v. Cavaletto*, 2011 U.S. Dist. LEXIS 16716 at 1 (D. Ore 2011), the proper course of action is to first file a motion for leave to file a reply brief:

>Moreover, had [the filing party] filed a motion for leave to file a reply, as he should have done, [opposing party] could have filed an opposition. By improperly filing the reply without having first obtained the Court's leave, [the filer] left [the moving party] no choice but to move to strike it.

*Joseph v. Abrams* at 2.

In summary, nothing in Magistrate Judge McCormick's December 16, 2015 Order, the Federal Rules of Civil Procedure and relevant interpretive authorities, or the Central District Local Rules authorize Plaintiff's unilaterally filed reply brief.

Plaintiff did not file any motion for leave to file a reply brief. Plaintiff has not, at any point in its unauthorized reply brief, or anywhere else, even attempted to make any showing of good cause as to why it has filed its unauthorized reply brief. Further, Plaintiff's unauthorized reply brief does not respond to any argument raised for the first time in Defendant's response to the objections, nor does it actually raise

any new arguments of its own. Plaintiff's unauthorized reply brief is simply an attempt to "have the last word" when Plaintiff is not entitled to do so. *Joseph v. Abrams* at 1.

At the in-person meet and confer prior to the filing of this motion, Plaintiff's counsel took the position that the filing of its unauthorized reply brief is actually authorized by the Central District of California Local Rules, and specifically, L.R. 7-10 and L.R. 72-2.1. Plaintiff's counsel is mistaken.

L.R. 7-10 provides for the filing of reply papers not later than fourteen (14) days before the date of the hearing on a calendared motion.[1] Plaintiff's objections under Rule 72(b), however, are not a calendared motion, and there is no hearing. They are objections under Rule 72(b), and they follow the procedure laid out by Rule 72(b). This procedure provides only for the filing of the objections, and the filing of a response. Fed. R. Civ. P. 72(b).

In response to this argument, Counsel for Plaintiff pointed to L.R. 72-2.1, which concerns motions for review for a party objecting under Fed. R. Civ. P. 72(a), and argues that this is somehow relevant, as the word "motion" is used in this local rule. Defendants, however, point out that this section is only concerned with <u>objections under Rule 72(a)</u>. The present objections are made under Rule 72(b), which contains its own specifically defined procedure.

Defendants additionally note that most if not all of the local rules of the various districts throughout the nation, including every district of the courts within the Ninth Circuit that have directly considered the propriety of the filing of a reply brief in support of objections under Rule 72(b), have a local rule that is analogous to Central District of California L.R. 7-10, which provides for a reply brief to be filed

---

[1] Defendants note specifically that L.R. 7-2 specifies that the provisions of Fed. R. Civ. P. 7 does not apply to proceedings "otherwise… provided by… the F.R.Civ.P…," which presumably include objections governed by the provisions of Rule 72(b).

not later than fourteen days before the date of a hearing on a motion. *See, e.g.* D. Oregon L.R. 7-1(e)(2); D. Nev. L.R. 9014(d)(2); D. Guam L.R. 7(f). None of those courts have found that their local rule authorizing reply briefs during general motion practice on motions calendared for hearing also affirmatively authorizes the filing of a reply brief in support of objections under Rule 72(b). In fact, those courts note that their local rules <u>do not authorize</u> the filing of reply briefs. *Potter v. Cavaletto* at 1 ("Replies to objections are not contemplated or provided for in Rule 72 or the Local Rules"); *26 Beverly Glen* at 5-6; *Joseph v. Abrams* at 1 ("Neither the Federal Rules of Civil Procedure nor the District of Guam's Civil Local Rules of Practice provide for replies to responses to objections"). The obvious conclusion is that L.R. 7-10 likewise does not authorize the filing of a reply brief in support of an objection under Rule 72(b).[2]

Defendants further point out that the local rules of some districts within the nation even specifically clarify this issue by affirmatively permitting or explicitly affirming the disallowance of reply briefs in support of Rule 72(b) objections, presumably to ensure that a party cannot take advantage of this potential grey area, as Plaintiff does. For example, N.D. Texas L.R. 72-1(c) expressly permits reply briefs in support of objections, and sets out their timing, while W.D. Washington L.C.R. 72(b) expressly states that "No reply will be considered." This further counters Plaintiff's position that a reply brief is authorized by L.R. 7-10, because both the Northern District of Texas and the Western District of Washington have local rules analogous to L.R. 7-10 (N.D. Texas L.R. 7.1(f); W.D. Washington L.C.R. 7(b)(3)), and both of those districts clearly do not consider their analogous rule to be a blanket authorization to reply briefs to objections under Rule 72(b).

---

[2] Plaintiff's position that its Objections are to be considered a motion for the purpose of L.R. 7-10 is likewise undercut by the fact that Plaintiff has not followed any of the other requirements set forth in L.R. 7-1 et. seq. for calendared motion practice, which would necessarily apply as well. For example, Plaintiff has not complied with the pre-conference of counsel requirement of L.R. 7-3.

Thus, Defendants respectfully submit that it is proper for the Court to strike Plaintiff's unauthorized reply brief, and to give no consideration thereto in deciding Plaintiff's objections under Rule 72(b). In the alternative, should the Court is inclined to consider Plaintiff's unauthorized reply brief in deciding the objections before it, Defendants hereby respectfully request leave to file a sur-reply in order to alleviate any prejudice they have suffered.

Dated: February 5, 2016       STETINA BRUNDA GARRED & BRUCKER

By: /s/Matthew A. Newboles
    Matthew Newboles
    Lowell Anderson
    Stephen Vegh
    Gregory Clarkson

Attorneys for Defendants
REDLINE DETECTION, LLC AND
KENNETH A. PIERONI

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system on February 5, 2016.

<u>/s/Matthew A. Newboles</u>
Matthew A. Newboles

Case No. SACV12-1861 JGB (DFMx)     7

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED REPLY BRIEF

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371